# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

**ROBERT KORNBERG**, Plaintiff,

**MILFORD BOARD OF EDUCATION and CONNECTICUT STATE BOARD OF EDUCATION**, Defendants.

## COMPLAINT FOR REVIEW OF ADMINISTRATIVE DECISION

Civil Action No.: _____

## INTRODUCTION

1. This is a civil action brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., for review of a final administrative decision from a special education due process hearing.

2. The appointed Impartial Hearing Officer, in violation of federal law, dismissed Plaintiff's complaint with prejudice mid-hearing without making any substantive findings of fact or conclusions of law as to whether the Student received a Free Appropriate Public Education (FAPE). The dismissal was based on the Hearing Officer's perception of the Plaintiff's conduct and followed a pattern of demonstrated bias that deprived the Plaintiff and his child of their right to a fair and impartial hearing.

3. Plaintiff seeks an order from this Court vacating the Hearing Officer's decision and remanding the matter for a new and impartial due process hearing before a different hearing officer.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 20 U.S.C. § 1415(i)(2)(A), which grants any party aggrieved by the findings and decision of an IDEA due process hearing the right to bring a civil action in a United States district court.

5. Jurisdiction is also proper under 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under the laws of the United States.

6. This Complaint is timely filed within the 45-day limitations period established by Connecticut General Statutes § 4-183, which governs appeals of special education due process decisions. Federal courts in Connecticut apply this 45-day statute of limitations to civil actions brought under the Individuals with Disabilities Education Act.

7. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b), as the events and omissions giving rise to the claims occurred within this district.

## PARTIES

8. Plaintiff ROBERT KORNBERG ("Plaintiff") is a resident of Shelton, Connecticut. He is the parent of R.K., a minor child with a disability (the "Student") who is eligible for special education and related services under the IDEA. Plaintiff brings this action on his own behalf and on behalf of the Student

9. Defendant MILFORD BOARD OF EDUCATION ("the District") is the local educational agency responsible for providing the Student with a FAPE in compliance with the IDEA and Connecticut law. 70 West River Street, Milford, CT 06460 Defendant

10. CONNECTICUT STATE BOARD OF EDUCATION ("CSBE") is the state educational agency that receives federal funds under the IDEA. The CSBE is responsible for the general supervision of all educational programs for children with disabilities in the state, including ensuring that due process hearings are conducted in compliance with the IDEA. The CSBE is responsible for the appointment and supervision of impartial hearing officers. Commissioner of Education, 450 Columbus Boulevard, Hartford, CT 06103

**FACTUAL BACKGROUND**

11. On or about June 12, 2025, Plaintiff filed a due process complaint against the District on behalf of the Student.

12. The complaint alleged that the District denied the Student a FAPE for the 2023-2024 and 2024-2025 school years by, among other things: (a) failing to provide critical educational and behavioral services; (b) failing to implement the Student's Individualized Education Program (IEP); (c) excluding Plaintiff from meaningful participation in the IEP planning process; (d) retaliating against Plaintiff for his parental advocacy; and (e) permitting the emotional mistreatment of the Student by staff.

13. The CSDE appointed Hearing Officer Kennedy to preside over the due process hearing, Case No. 25-0686. The hearing convened on September 24, 2025, and continued on several dates in October 2025.

14. Throughout the proceedings, the Hearing Officer engaged in a pattern of conduct that demonstrated bias against Plaintiff, who was proceeding pro se, and deprived Plaintiff of a fair and impartial hearing. This conduct included, but was not limited to, the following:

   a. The Hearing Officer demonstrated a bias against pro se parents and prejudged the

Plaintiff's motives, stating that for pro se litigants, "a lot of the time it's more about bad blood than what's really going to happen with the kid." The Hearing Officer further stated, in reference to Plaintiff's attempt to subpoena State employees, "I mean, no parent attorney would ever try to subpoena people from the State. I mean, that's just absurd."

b. The Hearing Officer threatened to dismiss the case with prejudice when Plaintiff, acting in good faith, attempted to introduce documents into evidence. During this exchange, the Hearing Officer stated, "Yes, if you're going to be unruly… I'll dismiss it with prejudice now," despite Plaintiff's efforts to comply with procedural requirements and clarify the proper handling of his evidence.

c. The Hearing Officer consistently interrupted and cut off Plaintiff during his presentation of the case, including during cross-examination of the District's witnesses and arguments on procedural matters, preventing him from eliciting relevant testimony and articulating his legal position.

d. The Hearing Officer made demeaning and partial remarks. He characterized Plaintiff's attempts to enforce procedural safeguards—such as the failure to convene a Resolution Meeting—as mere "skirmishes," thereby trivializing statutory requirements. Additionally, in reference to a District witness, the Hearing Officer stated, "We'll put Ms. Rizzo in for combat pay for enduring this the whole day," as documented in Plaintiff's formal objection submitted on October 19, 2025. The official transcript incorrectly reads "Mr. Rizzo … for combat … enduring this the whole day." This discrepancy underscores the importance of preserving the accuracy of the record and reflects potential favoritism toward the District.

e. During the hearing, the Hearing Officer trivialized Plaintiff's enforcement of statutory

4

procedural safeguards, including the District's failure to convene a Resolution Meeting within the 15-day timeline required by IDEA. When Plaintiff raised this violation, the Hearing Officer dismissed the issue, stating he was "not going to get into that," and characterized Plaintiff's efforts to assert his procedural rights as "skirmishing over procedure," thereby disregarding mandated IDEA requirements.

f. The Hearing Officer demonstrated retroactive reinterpretation of procedural rules. Despite his prior written instruction that Plaintiff should submit exhibits five business days before the hearing, he later denied Plaintiff the ability to question witnesses on those exhibits during cross-examination, citing a rule that was never previously communicated to Plaintiff.

g. The Hearing Officer issued intimidating and demeaning remarks toward Plaintiff, stating, "You're playing with fire" and later, "You are out of luck," in response to Plaintiff's concerns about the timing of evidence submission, creating a hostile and coercive environment.

h. The Hearing Officer mischaracterized Plaintiff's prior procedural actions in his written recusal ruling, stating that Plaintiff attempted to 'cherry-pick' a hearing officer and move to disqualify 'one hearing officer after another,' and further accused the Father of a 'deliberate, bad-faith refusal' to file exhibits. In fact, Plaintiff did not file any recusal motion against any prior hearing officer; rather, a prior hearing officer voluntarily offered to recuse herself, and Plaintiff accepted that recusal. The Hearing Officer's characterization is therefore demonstrably false and reflects a misrepresentation of the procedural history, contributing to the appearance of bias in the proceedings.

i. Opposing counsel attempted to influence the Hearing Officer with improper financial

5

considerations. The Hearing Officer did not address this attempt to influence the administrative process at all, thus violating Plaintiff's right to an impartial tribunal and due process.

j. Throughout the proceedings, the Hearing Officer summarily denied approximately thirteen motions and filings submitted by Plaintiff without issuing any written or verbal explanation or substantive ruling on the record. Only two motions—both seeking recusal—were accompanied by stated reasons for denial, further obstructing Plaintiff's ability to prosecute his case and preserve issues for appeal.

k. Taken together, these actions reflect a prejudgment of Plaintiff's motives, hostility toward a self-represented litigant, and an appearance of bias that materially impaired Plaintiff's ability to present his case and secure a fair hearing.

15. Plaintiff filed two motions seeking the Hearing Officer's recusal on grounds of documented bias and partiality, and also lodged a formal objection to the Hearing Officer's impartiality on the record. All were denied or overruled.

16. On October 27, 2025, during the fourth day of the hearing, the Hearing Officer granted an oral motion from the District to dismiss the entire case with prejudice. The dismissal occurred before Plaintiff could present his case-in-chief, including his own testimony and the calling of witnesses. By abruptly terminating the proceedings at this stage, the Hearing Officer deprived Plaintiff of his statutory and constitutional right to a full and fair hearing under the IDEA, significantly impairing his ability to develop the record and pursue appropriate relief.

**THE ADMINISTRATIVE DECISION**

17. On October 28, 2025, the Hearing Officer issued a "Final Decision and Order" dismissing Plaintiff's complaint with prejudice. A copy of this decision is attached hereto as Exhibit A.

18. The decision's sole basis for dismissal was Plaintiff's alleged "repeated belligerent and disruptive conduct" and "undue delay."

19. Crucially, the decision is devoid of any substantive analysis. It contains no findings of fact or conclusions of law regarding the central issues of the due process complaint—namely, whether the District provided the Student with a FAPE.

20. The decision fails to analyze any of the claims raised by Plaintiff, including the District's alleged procedural violations, failure to implement the IEP, or the appropriateness of the Student's educational program.

## CLAIMS FOR RELIEF

### COUNT ONE Violation of IDEA – Denial of a Fair and Impartial Hearing (20 U.S.C. § 1415(f))

21. Plaintiff incorporates the allegations contained in paragraphs 1-20 as if fully set forth herein.

22. The IDEA guarantees parents and children the right to an impartial due process hearing conducted by an impartial hearing officer. 20 U.S.C. § 1415(f)(3)(A).

23. The Hearing Officer's conduct—including his prejudicial pre-hearing comments, repeated threats of dismissal, demeaning remarks, demonstrated favoritism toward the District's witnesses, trivialization of statutory safeguards, retroactive reinterpretation of procedural rules, intimidating statements, and misrepresentation of prior procedural history—created an atmosphere of bias and hostility that deprived Plaintiff of his right to a fair and impartial hearing.

7

24. As a direct result of the Hearing Officer's lack of impartiality, Plaintiff was prevented from fully and fairly presenting his case, and the administrative process failed to provide the procedural safeguards required by the IDEA.

**COUNT TWO Violation of IDEA – Legally Insufficient Decision (20 U.S.C. § 1415(h)(4))**

25. Plaintiff incorporates the allegations contained in paragraphs 1-24 as if fully set forth herein.

26. The IDEA mandates that any party to a due process hearing has the right to "written . . . findings of fact and decisions." 20 U.S.C. § 1415(h)(4). This requires the hearing officer to make a determination on the substantive question of whether the child received a FAPE.

27. The Hearing Officer's October 28, 2025 decision contains no findings of fact or substantive decisions on the claims raised in Plaintiff's due process complaint. The decision fails entirely to address whether the Student was denied a FAPE.

28. A decision that dismisses an IDEA complaint on procedural grounds without addressing the substantive merits fails to comply with the mandatory requirements of the IDEA. This failure renders the decision legally insufficient and invalid.

**COUNT THREE Improper Dismissal and Misapplication of Authority**

29. Plaintiff incorporates the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. The Hearing Officer's dismissal of the complaint with prejudice was an abuse of discretion and was not justified by the record. Plaintiff appeared at all scheduled hearing dates, cross-examined witnesses, and attempted to present evidence and testimony in prosecution of his claims.

31. To the extent the Hearing Officer relied on state procedural rules, such as R.C.S.A. § 10-76h-18 ("Failure to prosecute"), he misapplied them, as Plaintiff's actions did not constitute a failure

to prosecute.

32. Regardless of any state procedural rule, a hearing officer's authority is constrained by the superseding procedural and substantive requirements of the federal IDEA. The dismissal with prejudice, which extinguished the Student's substantive rights without a hearing on the merits, violated the fundamental purposes of the IDEA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. Reversing and Vacating the Hearing Officer's Final Decision and Order issued on October 28, 2025, in Case No. 25-0686;

B. Remanding this matter to the Connecticut State Board of Education for a new and full due process hearing on the merits of Plaintiff's complaint before a different, impartial hearing officer; and

C. Granting such other and further relief as the Court deems just and proper.

JURY DEMAND Plaintiff hereby states that he does NOT demand a trial by jury in this matter.

Respectfully submitted

*Robert Kornberg*

Robert Kornberg, Plaintiff, Pro Se

4 2nd Ave

Shelton, Connecticut, 06484

Rob1267@verizon.net

203-306-6406

Dated: December 5, 2025

## STATE OF CONNECTICUT
## DEPARTMENT OF EDUCATION

Student v. Milford Board of Education

Appearing on behalf of the Parent:        Pro se

Appearing on behalf of the District:      Herbert Rosen, Esq
                                          Berchem Moses PC
                                          75 Broad Street
                                          Milford, CT 06460

Appearing before:                         Patrick L. Kennedy, Esq.
                                          Hearing Officer

## FINAL DECISION AND ORDER

### ISSUES:

1. Did the District commit procedural violations amounting to a denial of FAPE for the 2023-24 school year?

2. Did the District fail to implement the IEP of the Student for the 2023-24 school year?

3. Did the District fail to provide the Student with an appropriate program for the 2024-25 school year?

4. Did the District commit procedural violations amounting to a denial of FAPE for the 2024-25 school year?

5. Did the District fail to implement the IEP of the Student for the 2024-25 school year?

6. If the District has committed any violations, should an outplacement at Woodhouse Academy or Hope Academy be ordered?

### SUMMARY AND PROCEDURAL HISTORY:

1

October 28, 2025                                  Final Decision and Order 25-0686

Case 25-0686 was commenced by the Father[1] by request received by the District on June 12, 2025. A prehearing conference was held on July 29, 2025 and the Complaint was amended on that date. At the prehearing conference, hearing dates were set for September 24, 2025; October 17, 2025; October 21, 2025; October 23, 2025[2]; October 27, 2025 and November 4. 2025 and the decision date was determined to be October 10, 2025 by virtue of the amendment. The decision date was later extended to November 10, 2025.[3]

The hearing commenced on September 24, 2025 as scheduled and continued on October 17, 2025; October 21, 2025 and October 27, 2025. The Father refused to produce exhibits prior to the first hearing although he had need for them for cross-examination purposes although he did so prior to the second hearing. The District put on several witnesses during this period. On numerous occasions the District objected to the Father's questions and, if the objections were sustained, the Father repeatedly became belligerent, spent long periods of time arguing the Hearing Officer's rulings and kept asking the same questions to which objections had been sustained. At several points, the Hearing Officer had to remind the Father of the possibility that the case could be dismissed with prejudice or cross-examination terminated in order to obtain some semblance of proper behavior from the Father.

On the morning of October 27, 2025, the District presented its final witness. During the cross-examination, the Father started asking numerous repetitive questions to which the District objected, which objections were sustained. Instead of moving on as instructed, the Father repeatedly spent long periods of time arguing the rulings and asking the same questions to which objections had been sustained. After the Father was warned against this behavior, cross-examination of the witness was terminated.

Subsequently, the parties discussed scheduling of future hearings. The Father had previously sent an email stating that he was unavailable during the month of November after the scheduled hearing on November 4 due to a "preexisting mandatory commitment". The District observed that some more specific offer of proof should be furnished to justify the delay. The undersigned Hearing Officer noted that he had a high degree of availability to schedule hearings in November and questioned the Father for some more information on why the delay was necessary and was told repeatedly only that it was a "mandatory preexisting commitment".

After the lunch break, the hearing reconvened for the Father's testimony. Rather than testify, the Father spent several minutes rehashing his disagreements with past rulings. When finally induced to provide testimony, the Father proceeded to attempt to testify and produce exhibits concerning a failed resolution meeting, to which the District

---

[1] Although the Mother did not sign the Complaint and did not attend the prehearing conference, she was provided notice of all proceedings at her request. The Mother attended all hearings except the final one but only spoke occasionally and briefly.
[2] This date was not in the notice which was later issued at the request of the Mother due to a scheduling conflict.
[3] Although a request was made on the record at the beginning of what turned out to be the final day of the hearing, it has become unnecessary to actually order that extension.

2

October 28, 2025                                               Final Decision and Order 25-0686

successfully objected. Instead of moving on as instructed, the Father spent several minutes rearguing the matter, which metastasized into a more general airing of grievances. Despite being warned that the case would be dismissed if the Father did not move on to actually provide testimony, the Father continued his belligerent and argumentative diatribe. Finally, the Hearing Officer entertained a motion from the District to dismiss the case and granted the motion.

The case is dismissed with prejudice for repeated belligerent and disruptive conduct by the Father and the undue delay that has been caused and will be caused by that conduct.

**FINAL DECISION AND ORDER:**

The matter is dismissed with prejudice.

If the local or regional board of education or the unified school district responsible for providing special education for the student requiring special education does not take action on the findings or prescription of the hearing officer within fifteen days after receipt thereof, the State Board of Education shall take appropriate action to enforce the findings or prescription of the hearing officer.

Appeals from the hearing decision of the hearing officer may be made to state or federal court by either party in accordance with the provisions of Section 4-183, Connecticut General Statutes, and Title 20, United States Code 1415(i)(2)(A).

_____
Hearing Officer Signature

Patrick L. Kennedy
_____
Hearing Officer     Name in Print

signpage.doc (ho disk)
4/1/04