**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

*******************************************

| | | |
|---|---|---|
| ROBERT KORNBERG | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No. 3:25cv02030 (OAW) |
| V. | : | |
| | : | |
| MILFORD BOARD OF EDUCATION | : | NOVEMBER 2, 2026 |
| CONNECTICUT STATE BOARD OF EDUCATION | : | |
| | : | |
| Defendants. | : | |

*******************************************

**AMENDED MOTION TO SEAL ADMINISTRATIVE RECORD**

Pursuant to Fed. R. Civ. P. 5.2 and D. Conn. L. Civ. R. 5(e), the Milford Board of Education respectfully moves this Court to seal from public inspection the administrative record, which contains the education records of the minor-plaintiff.

The Plaintiff in this case is a minor child. This is an appeal of a hearing officer's decision, and the underlying case involves facts pertaining to the personal lives of the Plaintiff's minor child and his parents, and public disclosure of those facts would subject both parents and child to an invasion of privacy. In order to protect the privacy interests of the Plaintiff and his parents, and in order for the Defendant to comply with the clear dictates of the various laws applicable to this situation, the Defendant requests that the administrative record be sealed.

The Plaintiff, on behalf of his minor son, does not consent to sealing the administrative record in its entirety, but rather supports protecting his child's confidential information through appropriate redactions.

The Defendant's prior Motion to Seal, Doc. No. 33, incorrectly represented Mr. Kornberg's consent to seal the administrative record in its entirety.

Wherefore, the Defendant respectfully requests that this motion be granted.

THE DEFENDANT
MILFORD BOARD OF EDUCATION

By /s/Ryan P. Driscoll
Ryan P. Driscoll
Berchem Moses, P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200
Federal Bar No. ct27785
rdriscoll@berchemmoses.com

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereon, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court’ s electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court’ s system.

/s/Ryan P. Driscoll
Ryan P. Driscoll

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

*******************************************
ROBERT KORNBERG : CIVIL ACTION
:
Plaintiff, : Case No. 3:25cv02030 (OAW)
V. :
:
MILFORD BOARD OF EDUCATION : NOVEMBER 2, 2026
CONNECTICUT STATE BOARD OF :
EDUCATION :
Defendants. :
*******************************************

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL ADMINISTRATIVE RECORD**

## I. FACTS

The instant matter involves the appeal of a Hearing Officer's Decision dated October 28, 2025. The Parent now seeks an order from this Court vacating the Hearing Officer's decision and remanding the matter for a new and impartial due process hearing before a difference hearing officer under 20 U.S.C. § 1415(i)(2)(A), The Defendant denies all of the Plaintiff's claimed errors by the Hearing Officer and maintains that the Hearing Officer did not err in any of the ways that the Plaintiff contends.

The administrative record is replete with personally identifiable information about the Student and the Parent, including but not limited to the Student's education records. The Board hereby seeks to seal the administrative record in order to protect the Student's privacy and right to confidentiality of his education records.

## II. LEGAL ARGUMENT

### a. Standard and Procedure for Filing Under Seal

District of Connecticut Local Rule 5(e)(3) provides that no judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. Local Rule 5(e)(3) requires any order sealing a judicial document to include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. In addition to complying with the procedural requirements of Local Rule 5(e), a party seeking to seal documents must rebut the presumption in favor of public access by demonstrating that "suppression is essential to preserve higher values and is narrowly tailored to serve that interest." *The Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (internal citations omitted).

While the Board is mindful that motions to seal are granted only in limited circumstances and upon a showing of compelling circumstances, it submits that such compelling circumstances are present such that the Motion should be granted. *Rossi v. West Haven Bd. of Educ.*, 2005 WL 839661, 1 (D.Conn. 2005). *See also In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994); *Securities & Exchange Comm'n v. The Street.com,* 273 F.3d 222, 232 (2d Cir. 2001). Moreover, the Board submits that the requested order is no broader than necessary to serve the interests that require protection. *Id.* In addition, the Board notes that "when a district court *initially* considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.*, 212 F. 3d. 734, 738 (2d Cir. 2000).

Local Rule 5(e)(4)(c) details one method for seeking to file records under seal:

> Counsel may file a motion to seal, along with a memorandum and supporting documents, with or without the documents sought to be sealed. Any documents submitted to the Court that counsel want considered to be sealed, including the motion to seal, memorandum or supporting documents, shall be submitted in a sealing envelope of the type described in Local Rule 5(e)(4)(a), and its contents shall be treated as a sealed document unless the motion to seal is denied or until otherwise directed by the Court. If the Court grants the motion to seal in whole or in part, counsel shall file any redacted copies of any documents required by the Court's sealing order and shall submit to the Clerk in a sealing envelope unredacted copies of any documents ordered sealed but not previously submitted to the Court.

By way of the instant motion, the Board, through its counsel, has complied with the procedural requirements of Local Rule 5(e)(4).

**b. <u>Compelling Reasons Exist for Granting the Defendant's Motion to Seal</u>**

Fed. R. Civ. P. 5.2(a) requires parties to use only a minor's initials in any filings with the court. To date, only the Student's initials have been used. Since the Federal Rules of Civil Procedure already weigh in favor of protecting the identity of minor children, the Board seeks to seal the administrative record in order to keep the Student's education records confidential, thereby protecting the identity of the minor child and his privacy.

Federal law protects the privacy of minor children with respect to their education records. The Family Educational Rights and Privacy Act (FERPA) states that:

> No funds *shall* be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless-- (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or (B) except as provided in paragraph (1)(J), such information is furnished in compliance with judicial order, or pursuant to

> any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

20 U.S.C. § 1232g(b)(2) (emphasis added). The Plaintiff is seeking to reverse the administrative hearing decision, and the Board must file the administrative record for the Court's review. By filing this Motion, the Board seeks to protect the Student's privacy and comply with the intent of Federal law in preserving the confidentiality of the Student's education records.

The Individuals with Disabilities Education Act (IDEA) states that the "Secretary *shall* take appropriate action, in accordance with section 1232g of this title, to ensure the protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by… local educational agencies..." 20 U.S.C. § 1417(c) (emphasis added). The IDEA regulations, 34 C.F.R. §§ 300.610 through 300.627, also specifically incorporate the provisions of FERPA and require that local education agencies keep students' special education records confidential. Since the Student receives special education and related services, he is protected by the IDEA, and the Board must adhere to the provisions of the IDEA.

Since local education agencies must protect the confidentiality of personally identifiable information, it is appropriate for education records to be filed under seal in appeals of administrative hearing decisions under the IDEA. R*.W. v. Georgia Department of Education,* 2007 WL 2915911 at 1 (N.D. Ga. 2007) (Court noted that the plaintiff's motion to seal was unopposed). The IDEA, like FERPA, requires that school districts obtain parental consent before releasing personally identifiable information to any third parties. 34 C.F.R. § 300.622(a). The Board therefore seeks to preserve the

privacy of both the Student and the Parent as well as the confidentiality of the Student's records, while at the same time exercising its right to defend the administrative hearing decision under the IDEA.

In *Sealed Plaintiff v. Sealed Defendant #1 et al.*, 537 F.3d 185, 186 (2d Cir. 2008), the Second Circuit considered a plaintiff's motion to prosecute using pseudonyms, and balanced the "plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants". The Second Circuit listed several non-exhaustive factors for courts to consider when determining when it was appropriate to grant such anonymity:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 190 (internal citations omitted). In balancing these factors, the Second Circuit concluded that the District Court had erred in denying the plaintiff's motion to prosecute under a pseudonym. Id. at 191.

Courts have also applied the factors from *Sealed Plaintiff* to motions to seal. *B.J.S. v. The State Education Department*, 2010 WL 502796 at 1 (W.D.N.Y. 2010). In



4898-7843-2357, v. 1
2024844.1

that case, the plaintiff sought to have the proceedings sealed to protect N.S.'s identity and status as a child with a disability. The court held that the minor child's "interest in anonymity exceeds the weak public interest in such identity in an IDEA action, that a disabled minor's interest in avoidance of public disclosure of the child's status as a disabled child is strong and supported by federal law, *e.g.*, IDEA and FERPA", that defendant was already aware of the plaintiff's identity given the prior relationship of the parties and therefore would not be prejudiced. Id. at 4. The Court further found that disclosure of the parent's name would harm the minor's interest in confidentiality, because public observers could identify the child based on disclosure of the parent's name, and ordered the records of the case to be sealed. *Id. See also M.C. v. Sigal*, 2010 WL 3037846 at 1 (D. Conn. 2010) (minor plaintiff sued under § 1983 for violation of his Fourth Amendment rights, and Court granted plaintiff's motion to seal complaint which disclosed both his name and his guardian's name).

As to the first factor in *Sealed Plaintiff*, the facts in this case are highly sensitive and of a personal nature, as they relate to the individualized education program ("IEP") of a minor child. The administrative record contains education records. The Student's IEP and other education records contain highly personal information, including but not limited to details about his disability, cognitive ability, progress in his program, and behavioral difficulties. The personally identifiable information contained in his education records is protected by federal law, for the very reason that such information is highly sensitive and of a personal nature.

As to the fourth factor, the Student, as a minor, is particularly vulnerable to the disclosure of his education records. Because he is a minor, he does not have the

capacity to consent to the disclosure of personally identifiable information. As a minor and a student with a disability, the Student is not able to protect himself from public scrutiny. As such, the Student would be harmed if the public knew the details of his education records, including everything from his educational program to his behavioral data. If the administrative record is not sealed, a significant number of education records and other personally identifiable information would be made public, in contravention of the intent of federal law.

As to the fifth and eighth factors, while the Board is a public entity, and it is defending an administrative decision, the identity of the student is not "necessary for the public to assess the appropriateness of a School District's response to a request for individualized educational assistance." *P.M. v. Evans-Brant Central School District*, 2008 WL 4379490 at 3 (W.D.N.Y. 2008). The public does not need to be able to view the education records in the administrative record in order to be informed of the proceedings and the Board's actions in providing an educational program to a student with disabilities. The public will be able to assess the proceedings through the parties' pleadings, motions, and objections, which discuss aspects of the case but maintain the Student's privacy and right to confidentiality of his education records, as well as rulings of this Court. However, even assuming arguendo that the public interest would be harmed by sealing the administrative record in this case, protecting the Student's privacy is a stronger interest. As the District Court held in the *B.J.S.* case, the minor Defendant's interest in anonymity clearly outweighs the relatively weak public interest in open court records.

As to the sixth factor, the Plaintiff would not be prejudiced if the Court granted the Motion to Seal the Administrative Record, and in fact, the Board seeks to protect the Plaintiff through its Motion.

As to the seventh factor, the Board has endeavored to keep the Plaintiff's identity confidential to date, and the Defendant files this Motion to ensure that Plaintiff's identity and education records remain confidential. Because of its obligations under federal law, the Board seeks to prevent the public disclosure of the Student's education records.

As to the tenth factor, there is no alternative mechanism for protecting the confidentiality of the Student, except to seal the administrative record. If the record is not sealed, the Student's identity and education records will become public information, and there will be no way to undo the effects of disclosure. This case is different from other cases where the court has refused to seal certain documents. In *Plainville Board of Education v. R.N.*, 2009 WL 1870866 (D. Conn. 2009), the Court ordered plaintiff to redact the administrative record rather than grant the motion to seal, but in that case, the defendant opposed sealing the administrative record in favor of redacting it. Even in *Plainville Board of Education*, the Court granted the motion to seal as to certain exhibits. Therefore, *Plainville Board of Education* does not preclude a favorable ruling on the Board's Motion to Seal the Administrative Record in this case.

This case is distinguishable from *Rossi v. West Haven Board of Education*, 2005 WL 839661 (D.Conn. 2005), because in that case, the plaintiff filed a motion to seal the entire file. The Court denied the motion on the basis that it was conclusory because it merely recited protection of education records under FERPA, and it was filed after the case had been ongoing for quite some time, which meant that the plaintiff's identity had

already become public knowledge. In this case, the Board seeks to seal only the administrative record, not the entire file. The Board's motion is not conclusory and provides supporting case law as to why the Court should grant its motion.

Finally, this case is distinguishable from *T.K. v. Waterbury Board of Education*, 2003 WL 22909433 (D. Conn. 2003), in which the plaintiff filed a conclusory, two-sentence motion seeking to seal the entire case file, which the Court denied. Again, in this case, the Board is not seeking to seal the entire case file, but only the administrative record in order to protect the confidentiality of the Student's education records. The Board files this thorough memorandum of law in support of its motion.

All of the factors discussed above weigh in favor of granting the Board's Motion to Seal the Administrative Record. Sealing the administrative record is a narrowly tailored remedy that is required to protect the confidentiality of the Plaintiff's personal identifiable information, which is in line with the Board's obligations to protect such information under federal law. The public interest would not be harmed by the sealing of the administrative record, because the public will still have access to the pleadings and rulings in this case, from which the public can assess the Board's actions in administering the Student's education program. The Board does not seek an overly broad remedy such as sealing the entire case file. Therefore, because of the compelling reasons for sealing the administrative record and the narrowly tailored remedy that is sought, the Board requests that the Court grant the Motion to Seal the Administrative Record.

## III. CONCLUSION

For all the foregoing reasons, the Defendant Board respectfully requests that the Court grant the Motion to Seal the Administrative Record.

THE DEFENDANT
MILFORD BOARD OF EDUCATION

By /s/Ryan P. Driscoll__________
Ryan P. Driscoll
Berchem Moses, P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200
Federal Bar No. ct27785
rdriscoll@berchemmoses.com

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereon, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court' s electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court' s system.

/s/Ryan P. Driscoll_______
Ryan P. Driscoll



4898-7843-2357, v. 1
2024844.1