UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT KORNBERG,
Plaintiff,

v.

MILFORD BOARD OF EDUCATION and
CONNECTICUT STATE BOARD OF EDUCATION,
Defendants.

Civil Action No. 3:25-cv-02030 (OAW)

November 3, 2026

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER, FOR ACCESS TO THE FILED ADMINISTRATIVE RECORD, AND FOR INTERIM EXTENSION OF DEADLINES**

Plaintiff Robert Kornberg, proceeding pro se, respectfully moves to modify the Court's October 5, 2026 Scheduling Order, for access to the complete administrative record actually filed with the Court, and for an interim extension of deadlines pending resolution of this motion.

In support, Plaintiff states:

1. On October 5, 2026, the Court entered its Scheduling Order, Docket No. 29, granting Plaintiff's Motion to Amend Scheduling Order, Docket No. 28. The Scheduling Order provides: "Any motion to supplement the record shall be filed within 21 days after Defendant files the administrative record."

2. The Court further ordered that dispositive motions be filed within thirty days after the supplementation deadline, responses within twenty-one days after a dispositive motion is filed, and replies within fourteen days after a response is filed.
3. On November 2, 2026, Defendant filed the administrative record under seal.
4. Plaintiff has been unable to access and review the sealed administrative record through Plaintiff's existing CM/ECF account. When Plaintiff attempts to open the filed document, CM/ECF displays the message: "You do not have permission to view this document."
5. When Plaintiff requested the prior scheduling modification, Plaintiff understood that he would be able to access and review the complete administrative record when Defendant filed it. Plaintiff did not anticipate that the record would be filed in a manner that prevented him from viewing and downloading it through his existing CM/ECF account. The filing therefore triggered the supplementation period while Plaintiff remained unable to view and download the court-filed record through his existing CM/ECF account.
6. Before filing the original Motion to Seal, Defendant's counsel did not consult Plaintiff about whether he consented to sealing the administrative record in its entirety, and Plaintiff did not provide such consent. Nevertheless, the original motion represented that the Board sought sealing "with the consent of plaintiff." On November 2, 2026, Plaintiff promptly disputed that representation by email and asked counsel to identify when and how consent had allegedly been provided. Defendant subsequently acknowledged in its Amended Motion to Seal, Docket No. 34 at 1, that its original Motion to Seal, Docket No. 30, "incorrectly represented Mr. Kornberg's consent to seal the administrative record in its entirety."

7. Plaintiff requests access to the complete court-filed administrative record and a full twenty-one-day period to review it and prepare any motion to supplement, without awaiting resolution of Defendant's Amended Motion to Seal, Docket No. 34. This request does not constitute consent to sealing the administrative record in its entirety or a waiver of Plaintiff's objections to such sealing.

8. Plaintiff seeks direct access to the complete administrative record actually filed with the Court on November 2, 2026, at Docket Nos. 31, 32, and 33, including all transcripts, exhibits, attachments, and indexes.

9. Defendant's counsel provided Plaintiff with a copy of the administrative record on October 28, 2026. During his very limited review of that copy, Plaintiff identified discrepancies between exhibits and their corresponding entries in the Index to the Administrative Record. Because Plaintiff cannot access the complete administrative record filed at Docket Nos. 31, 32, and 33, he cannot verify whether the previously supplied copy is identical to the complete record filed with the Court or determine whether the discrepancies identified during his very limited review are also present in the filed record. Receipt of the earlier copy therefore does not resolve Plaintiff's need to inspect the record actually before the Court so that any motion to supplement addresses that record.

10. The October 5, 2026 Order measures the twenty-one-day supplementation period from Defendant's filing of the administrative record. Plaintiff requests modification because that period is running while he remains unable to access and review the court-filed record.

11. Plaintiff needs to review the actual court-filed administrative record to determine whether to file a motion to supplement and to prepare any such motion.

12. Plaintiff therefore requests a full twenty-one-day review and supplementation period beginning on the later of entry of the Court's order granting relief or the date the complete court-filed administrative record is made available for Plaintiff to view and download through his existing CM/ECF account.

13. Plaintiff respectfully requests prompt consideration of interim relief suspending the current supplementation deadline and the related dispositive-motion deadline while this motion is pending. Without interim relief, the existing supplementation deadline may expire before Plaintiff can review the filed record and prepare any necessary motion to supplement.

14. Plaintiff requests that the Court preserve the timing intervals established in the October 5, 2026 Order: dispositive motions due thirty days after the revised supplementation deadline, responses due twenty-one days after a dispositive motion is filed, and replies due fourteen days after a response is filed.

15. Good cause supports this request because Plaintiff has attempted to access the filed record, encountered an access restriction, identified discrepancies during his very limited review of the copy provided by Defendant's counsel, and seeks an opportunity to inspect the record actually before the Court before his deadline to move to supplement expires.

16. On November 2, 2026, Plaintiff requested counsel's position concerning the proposed scheduling modification. Mr. Driscoll stated that he had no objection to that modification.

17. Plaintiff has filed one prior request to modify these deadlines, Docket No. 28, which the Court granted.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff **respectfully** requests that the Court:

A. Order that the complete administrative record actually filed with the Court on November 2, 2026, at Docket Nos. 31, 32, and 33, including all transcripts, exhibits, attachments, and indexes, be made available for Plaintiff to view and download through Plaintiff's existing CM/ECF account;

B. Pending resolution of this motion, suspend the current supplementation deadline and the related dispositive-motion deadline, and order that no motion to supplement or dispositive motion is due before the Court resolves this motion and establishes revised deadlines;

C. Modify the October 5, 2026 Scheduling Order, Docket No. 29, so that any motion to supplement is due twenty-one days after the later of:

1. Entry of the Court's order granting relief; or

2. The date the complete administrative record actually filed with the Court on November 2, 2026, at Docket Nos. 31, 32, and 33, is made available for Plaintiff to view and download through Plaintiff's existing CM/ECF account;

D. Set dispositive motions due thirty days after the revised supplementation deadline, with responses due twenty-one days after a dispositive motion is filed and replies due fourteen days after a response is filed; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Robert Kornberg
Robert Kornberg
Plaintiff, pro se
4 2nd Avenue
Shelton, CT 06484
rob1267@verizon.net