UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT KORNBERG,
Plaintiff,

v.

MILFORD BOARD OF EDUCATION and
CONNECTICUT STATE BOARD OF EDUCATION,
Defendants.

Civil Action No. 3:25-cv-02030 (OAW)

November 12, 2026

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO SEAL AND AMENDED MOTION TO SEAL THE ADMINISTRATIVE RECORD, ECF NOS. 30 AND 34**

Plaintiff Robert Kornberg, proceeding pro se, respectfully objects to Defendant Milford Board of Education's Motion to Seal, ECF No. 30, and Amended Motion to Seal, ECF No. 34, which seek to seal the entire administrative record. Plaintiff supports appropriate protection of the identity and confidential information of Plaintiff's minor child (the "Student"). His objection concerns the breadth of the requested sealing and the absence of a sufficiently specific explanation why narrower protections would be inadequate.

## I. Clarification of Plaintiff's position and the parties

Plaintiff does not request unrestricted public disclosure of confidential information concerning the Student or either parent. Plaintiff supports protecting confidential information in the Student's IEP through necessary redactions but does not object to sealing the IEP in its entirety

as an alternative. For the remainder of the administrative record, Plaintiff requests public access with only those redactions necessary to protect confidential information concerning the Student or either parent and does not consent to sealing other documents in their entirety.

Plaintiff requests that the same approach apply to any materials later added to the administrative record by correction or supplementation: public access with only necessary redactions, with the IEP alone permitted to be sealed in its entirety as an alternative.

Defendant's original Motion to Seal incorrectly represented Plaintiff's position by stating that the Board sought sealing "with the consent of plaintiff." ECF No. 30 at 5. Before that motion was filed, Defendant's counsel had not discussed sealing any part of the administrative record with Plaintiff, and Plaintiff had not consented to sealing it. On November 2, 2026, Plaintiff brought the inaccurate consent statement to counsel's attention by email. Counsel responded: "I thought we previously discussed and will try to locate." Plaintiff replied: "We never had any discussion in which I agreed to or consented to a motion to seal the administrative record. If you believe I provided consent to the motion, please forward the communication upon which you are relying." Counsel did not subsequently provide Plaintiff with any communication establishing such consent. Plaintiff further expressly stated: "I do not consent to sealing the administrative record in its entirety" and "I support protecting my child's confidential information through appropriate redactions." Plaintiff also requested that the refiled motion expressly correct the prior representation of consent. After that exchange, Defendant acknowledged in its Amended Motion to Seal that the prior motion "incorrectly represented Mr. Kornberg's consent to seal the administrative record in its entirety." ECF No. 34 at 1. Plaintiff does not consent to the blanket

sealing requested. Consent to protecting sensitive information should not be treated as consent to sealing every document in the administrative record.

Defendant's Amended Motion to Seal states that "[t]he Plaintiff in this case is a minor child." ECF No. 34 at 1. The named Plaintiff is Robert Kornberg, the parent. The Student is Plaintiff's minor child. Plaintiff supports protecting the Student's confidential information through targeted redactions, not blanket sealing of the administrative record. Plaintiff opposes the requested blanket sealing and requests a publicly accessible administrative record, including the hearing transcript and Plaintiff's exhibits, with targeted redactions necessary to protect confidential information.

**II. Defendant has not adequately explained why the entire record must be sealed**

Defendant acknowledges the presumption in favor of public access to judicial documents and the requirement that sealing be supported by particularized findings and narrowly tailored. ECF No. 34 at 4. Nevertheless, its memorandum principally describes categories of sensitive information and then concludes that the entire administrative record must be sealed.

Plaintiff recognizes that the administrative record may contain confidential information. That circumstance supports appropriate privacy protections, including targeted redactions, but it does not itself explain why every document, or every portion of every document, requires the same restriction.

Defendant's Amended Motion to Seal invokes the privacy interests of both parents, asserting that disclosure would subject "both parents and child to an invasion of privacy." ECF No. 34 at 1. Plaintiff supports necessary redactions to protect confidential information concerning either

parent, as well as the Student. However, Defendant's general assertion of privacy concerns does not explain why targeted redactions would be inadequate or why the entire administrative record must be sealed.

The Board asserts that "there is no alternative mechanism" to sealing the administrative record, yet acknowledges that Plainville ordered redaction rather than sealing of the entire administrative record. ECF No. 34 at 10. In Plainville, the court recognized the student's privacy interests and the school board's obligation to protect confidential information, but concluded that the board had not provided clear and compelling reasons for sealing the entire record and ordered redaction instead. Plainville Board of Education v. R.N., 2009 WL 1870866 (D. Conn. 2009).

The Board seeks to distinguish Plainville on the ground that the opposing party there opposed sealing and requested redaction. But the Board expressly acknowledges the same circumstance here: Plaintiff "does not consent to sealing the administrative record in its entirety, but rather supports protecting his child's confidential information through appropriate redactions." ECF No. 34 at 1.

Although Plainville permitted certain supplemental exhibits to remain sealed, that separate treatment did not alter its order requiring redaction of the administrative record. The Board's discussion thus identifies redaction as an alternative without explaining why it would be inadequate to protect the Student's confidentiality here.

The Board invokes protection of the Student and the parents' privacy interests as justifications for sealing. Plaintiff supports protecting confidential information in the Student's IEP through necessary redactions but does not object to sealing the IEP in its entirety as an alternative. For

the remainder of the administrative record, Plaintiff supports only those redactions necessary to protect confidential information and does not consent to sealing other documents in their entirety. Protecting the Student's confidential information does not itself justify sealing Plaintiff's parent exhibits, Plaintiff's motions and submissions to the hearing officer, the hearing officer's rulings, or the hearing transcript in their entirety. Plaintiff requests that those materials be publicly accessible with only necessary redactions. The Board has not adequately explained why necessary redactions would not protect confidential information concerning the Student or either parent, even with the additional option of sealing the IEP in its entirety. Indeed, the version of the administrative record provided to Plaintiff on October 28, 2026, already contained redactions, demonstrating that targeted redaction is a practical means of protecting confidential information while permitting access to non-confidential portions of the record.

The Board emphasizes that it seeks to seal only the administrative record rather than the entire case file and argues that the public can assess the proceedings through the parties' pleadings, motions, and objections, as well as the Court's rulings. ECF No. 34 at 9, 11. But access to those documents is not a substitute for access to the underlying exhibits and hearing transcript from the administrative proceedings challenged in this appeal. Leaving descriptions of that evidence publicly available does not explain why the evidence itself must be withheld in its entirety rather than made available with only necessary redactions, with the option of sealing the IEP in its entirety.

**III. Rule 5.2 does not itself require blanket sealing**

Defendant relies on Rule 5.2(a)'s protection of minors' names. However, Rule 5.2(b)(2) exempts "the record of an administrative or agency proceeding" from the Rule's redaction requirement.

Plaintiff does not contend that this exemption eliminates the Student's privacy interests or prevents the Court from ordering appropriate protections.

Rather, the exemption means that Rule 5.2(a), standing alone, does not establish that the administrative record must be sealed in its entirety.

Plaintiff therefore requests a tailored determination of the protections needed, rather than a conclusion that Rule 5.2 requires sealing the entire record.

Defendant's reliance on FERPA and the IDEA does not resolve whether sealing the entire administrative record is necessary. Plaintiff does not dispute that confidential student information requires protection. The relevant question is whether that protection requires blanket sealing rather than targeted redactions or other narrower measures. In *Plainville Board of Education v. R.N.*, 2009 WL 1870866 (D. Conn. 2009), the Court recognized the student's privacy interests and the school board's obligation to protect them, but nevertheless ordered redaction because the board had not demonstrated clear and compelling reasons for sealing the entire administrative record. Plaintiff requests the same approach here: protection of confidential information through appropriate redactions or other narrowly tailored measures without withholding the entire administrative record from public view.

**IV. Proposed narrower protections**

Plaintiff proposes that the Court consider:

a. Redaction of the Student's name and other minors' names, or substitution of initials or consistent identifiers for those names;

b. Redaction of personal identifiers and identifying details where necessary to protect the Student or other persons;

c. Targeted redaction of confidential information concerning the Student or either parent where disclosure would compromise legitimate privacy interests;

d. Necessary redactions to the Student's IEP, or alternatively sealing the IEP in its entirety, without sealing other documents in their entirety; and

e. A public redacted record containing material that can be disclosed without compromising those interests.

These categories are proposed protections, not an assertion that every item within each category necessarily requires redaction. The appropriate treatment should depend on the actual contents and context of the material.

**V. Plaintiff's access is a separate issue**

Plaintiff's objection to blanket sealing is independent of his request for personal access to the court-filed record. Providing Plaintiff access would address his inability to review the record, but would not resolve his objection to withholding the entire record from the public. Plaintiff requests a publicly accessible record with the Student's name and other minors' names replaced by initials or consistent identifiers and only those additional redactions necessary to protect confidential information. As an alternative to a redacted public version of the IEP, Plaintiff does not object to sealing the IEP in its entirety. Any proposed additional redactions should be supported by a particularized justification.

Restrictions on public access should not leave Plaintiff unable to inspect the complete administrative record actually filed with the Court. As a pro se party, Plaintiff requires access to the complete court-filed record, including all transcripts, exhibits, attachments, and indexes, through his existing CM/ECF account in order to address specific proposed redactions.

Plaintiff has separately moved for access to the complete court-filed administrative record and related scheduling relief. ECF No. 35. The relief requested here is without prejudice to, and in support of, that pending motion.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Deny Defendant's requests in ECF Nos. 30 and 34 to seal the administrative record in its entirety;

B. Require Defendant to file a publicly accessible version of the administrative record with the Student's name and other minors' names redacted or replaced by initials or consistent identifiers and only those additional redactions necessary to protect confidential information, supported by a particularized justification; alternatively, permit the IEP alone to remain sealed while requiring a publicly accessible version of the remainder of the administrative record with only necessary redactions and without sealing other documents in their entirety;

C. Order that the complete administrative record actually filed with the Court on November 2, 2026, including all transcripts, exhibits, attachments, and indexes, be made available for Plaintiff

to view and download through Plaintiff's existing CM/ECF account, and provide Plaintiff an opportunity to address specific proposed redactions; and

D. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Robert Kornberg
Robert Kornberg
Plaintiff, pro se
4 2nd Avenue
Shelton, CT 06484
rob1267@verizon.net